**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4390

DONALD LEE WRAY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-896)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Scott Davis, Spartanburg, South Carolina, for Appellant. Harold
Watson Gowdy III, OFFICE OF THE UNITED STATES ATTOR-
NEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Lee Wray pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). On appeal, Wray's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising one issue: whether the district court had authority to sentence Wray as a career offender. Wray has filed his own brief alleging that the district court erred by sentencing him for distributing 1.1 kilograms of "crack" cocaine when the evidence revealed he only possessed cocaine base. For the reasons that follow, we affirm.

We address the arguments in turn. First, as noted by counsel, the district court did not sentence Wray as a career offender, see USSG § 4B1.1,* so whether the district court had authority to sentence Wray as a career offender is irrelevant. Second, Wray's claim that district court erred by sentencing him to crack rather than cocaine base fails because the record reveals that: Wray pled guilty to possession with intent to distribute "crack cocaine;" Wray failed to object to portions of the Presentence Investigation Report stating that he was responsible for 1.1 kilograms of a "beige rock-like substance . . . crack cocaine;" and the lab reports which Wray now proffers as evidence that he only possessed cocaine base in fact state the substance was crack cocaine. Also, the sentencing guidelines specifically state that the Sentencing Commission used the term "cocaine base" to refer to "crack." USSG § 2D1.1(c) n.* (D). Accordingly, we do not find that the district court committed plain error by sentencing Wray under the crack cocaine guidelines. See United States v. Olano, 507 U.S. 725, 734 (1993) (claim raised for the first time on appeal cannot justify reversal unless the error is "clear under current law").

As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

appeal. Because the record discloses no reversible error, we affirm Greene's sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3